DUNCAN-HOMER REALTY CO., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19,692.    Promulgated April 6, 1927.

1. In determining gain or loss upon the sale of property the base should be reduced by the amount of depreciation sustained in prior years.

2. It is immaterial in the year of a sale of property whether a deduction for depreciation is taken and the base reduced by that amount, or that the deduction be disallowed and the base left undisturbed. The result is the same in either event.

*John S. Lloyd, C. P. A.*, for the petitioner.
*Dwight H. Green, Esq.*, for the respondent.

The petitioner seeks a redetermination of a deficiency of $618.94 in income tax for the year 1923, asserted by the Commissioner. The proceeding involves the determination of two issues: (1) Whether the petitioner is entitled to a deduction, for the year 1923, for depreciation of certain improved real property sold in that year; and (2) whether the Commissioner erred in reducing the basis for determining the gain arising out of the sale of the property referred to

in the first issue, by the amount of the depreciation deducted by the petitioner in the return of the preceding year.

### FINDINGS OF FACT.

The petitioner is a Pennsylvania corporation with its principal office at Wilkes-Barre, where it is engaged in the business of buying and selling real estate.

During the year 1923, petitioner sold certain real property which it had acquired in 1922 at a cost of $175,000, for the sum of $265,000. In its return for the year 1922, petitioner claimed, and respondent allowed, a deduction in the amount of $2,500 for depreciation sustained on said property in that year. In its return for the year 1923, petitioner reported a profit of $90,000 from the sale of this property and took a deduction in the sum of $2,500 for depreciation of said property for that year. For the purpose of determining the gain from the sale of the aforesaid property, the Commissioner reduced the cost of the property by the amount of $2,500, being the amount of the deduction claimed by the petitioner in its return for the year 1922, and allowed by respondent for depreciation of said property. The Commissioner disallowed the deduction of $2,500 taken by the petitioner in the return for the year 1923 for depreciation of the property in question. He allowed a deduction of $48.54 for depreciation of additions made to certain properties in that year.

### OPINION.

KORNER, *Chairman*: Petitioner contends that under the provisions of section 234 (a) (7) of the Revenue Act of 1918, it is entitled to a reasonable deduction for depreciation of the property sold in 1923; and that respondent erred in reducing the basis for determining the gain from the sale of the property by the amount of the depreciation deducted and allowed for the preceding year. As to the first of petitioner's contentions, respondent answers that if a deduction for depreciation of the property in question is to be allowed for the year 1923, the basis for determining the gain upon the sale must be correspondingly reduced and no change will be effected in his determination. On the second proposition, respondent submits that for the purpose of determining the gain or loss upon the sale of property, the basis must be reduced by the amount of the depreciation sustained.

In its returns for the years 1922 and 1923, petitioner took deductions for each of those years in the amount of $2,500 for depreciation of the property sold in the latter year. No question is raised as to the reasonableness of these deductions. Respondent allowed the deduction in the amount claimed for the year 1922. He disallowed the entire deduction made in the year 1923. His action in this

latter respect was not because of any question as to the right of the petitioner to make the deduction, nor as to the reasonableness of the amount thereof, but rather, it appears, to shorten the computation of the gain derived from the sale of the property in that year. If respondent's contention—that the basis for determining the gain from the sale of the property should be reduced by the amount of depreciation sustained—is sound, it can make no difference in the ultimate result whether a separate deduction is allowed for depreciation, for the year of the sale, and the basis for determining the gain correspondingly reduced, or whether the matter of depreciation for the year of the sale is entirely disregarded. If the deduction is allowed, the basis for determining the gain is reduced by the amount thereof and the gain is correspondingly increased. The deduction is offset by the increase in the gain; hence, the net result is the same as would be obtained were the net income, for the year of the sale, computed without regard to the depreciation sustained in that year.

The issue as to whether the basis for determining gain or loss upon the sale of property should be reduced by the amount of depreciation sustained has already been decided adversely to the petitioner. *Appeal of Even Realty Co.*, 1 B. T. A. 355; *Appeal of Aaron W. Wolfson*, 1 B. T. A. 538; *Appeal of Star Sporting Goods Co.*, 1 B. T. A. 1266; *Appeal of Keighley Manufacturing Co.*, 2 B. T. A. 10; *Appeal of Esther Firestone*, 2 B. T. A. 309; *Appeal of E. O. Fippin*, 2 B. T. A. 350; *Appeal of Marchetti Roma Cafe Co.*, 2 B. T. A. 529; *Appeal of Walter Frank*, 2 B. T. A. 905; *Appeal of Life Publishing Co.*, 2 B. T. A. 1219.

*Judgment will be entered for the respondent.*